Mrs. Nellie Myers LEISNER, Plaintiff-Appellant,

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

**No. 27534.**

United States Court of Appeals Fifth Circuit.

Nov. 19, 1969.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Richard Jaeger (argued), James E. Shekoyan, Robert L. Brosio, Asst. U. S. Attys., Wm. M. Byrne, U. S. Atty., for appellee.

Before HUFSTEDLER, WRIGHT and KILKENNY, Circuit Judges.

Malberry Smith, Jr., Stanley H. Friedman, Savannah, Ga., for plaintiff-appellant.

Bouhan, Williams & Levy, Walter C. Hartridge, II, Savannah, Ga., for defendant-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellant's son, Robert Myers Leisner, a summertime employee of the State Highway Department of Georgia, was a member of a work crew which was charged with the responsibility for taking subsoil samples preparatory to the construction of highways and bridges.

It was in the course of this work that Leisner suffered his fatal accident. Leisner and his fellow crew members were taking soil samples on the appellee's (Atlantic Coast Line Railroad Company) property. The method employed by the crew was to drill a hollow metal pipe into the ground and then withdraw it and remove the soil residue from inside the metal pipe. Using this method, the crew drilled to a depth of 25 feet and began removing the pipe. During the removal process, the pipe came in contact with an uninsulated high voltage service wire which was maintained by the railroad. The wire was approximately 26 feet above the ground. This contact caused the death of Leisner by electrocution. A fellow worker who happened to be wearing rubber boots escaped injury.

Appellant filed suit in the Superior Court of Georgia alleging negligence on the part of the railroad. The case was removed to the court below on grounds of diversity. After the conclusion of the appellant's case in chief, the district court directed a verdict for the appellee. This appeal followed. We affirm.

It is hornbook law that before a defendant can be found negligent, he must owe a duty of care to the aggrieved party. It is uncontroverted here that the decedent was a licensee upon the premises of the railroad. Since this is a diversity case, we are *Erie* bound to follow Georgia law in determining the standard of care the railroad owed the decedent as a licensee. Georgia Code Annotated Sec. 105–402 defines a licensee and the duty of care owed to such a person:

> *Licensees; definition; liability for injury to.* A licensee is a person who is neither a customer nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go therein merely for his own interest, convenience or gratification. *The owner of such premises is liable to a licensee only for wilful or wanton injury.* (Emphasis added.)

Thus the essential question on appeal is whether the maintenance of an uninsulated high voltage wire 25 feet above ground level constituted "wilful or wanton injury." The Georgia law clearly demonstrates that it does not. See Crosby v. Savannah Electric & Power Co., 114 Ga.App. 193, 150 S.E.2d 563 (1966).

Affirmed.